IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-32 |
| vs. | ) ) | Magistrate Judge Maureen P. Kelly |
| ESSEX INSURANCE COMPANY, Defendant. | ) ) ) | Re: ECF No. 10 |

## OPINION

**KELLY, Magistrate Judge:**

This action has been filed to determine Defendant Essex Insurance Company's ("Essex") obligation to remit defense costs allegedly owed to Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American Home Assurance Company ("American Home") (collectively "Plaintiffs"). The defense costs were incurred by Plaintiffs in the course of representing a mutual insured, Earth Support Services, Inc., d/b/a Micon ("Micon"), in litigation filed against it for personal injuries arising out of exposure to a Micon product. Micon was insured during consecutive policy periods by each of the parties to this action. A related company, Micon Products International ("MPI"), was made a party to portions of the underlying litigation and was insured by Hartford Fire Insurance Company ("Hartford"). Hartford is not a party to this action. Plaintiffs seek relief pursuant to an agreement allegedly entered into by each of the four insurers to allocate defense costs, and pursuant to the Declaratory Judgment Act ("DJA"). 28 U.S.C. §2201(a). Alternatively, Plaintiffs seek recovery in equity for contribution.

1

Pending before the Court are "Defendant's Motions to Dismiss and for Joinder of a Required Party Pursuant to Rules 12(b)(6) 12(b)(7) and 19(a)." [ECF No. 10] For the reasons that follow, Defendants' motions are denied in part and granted in part.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Because this matter comes to the Court on a Rule 12(b)(6) Motion to Dismiss, the factual allegations set forth in Plaintiff's Amended Complaint are accepted as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). In pertinent part, the Complaint alleges that Plaintiffs National Union and American Home and Defendant Essex are liability insurance companies, each of which provided coverage to their mutual insured, Micon. Essex provided coverage for certain periods prior to 1995, followed by National Union beginning in March 1, 1995, and then by American Home for the period March 1, 2000, through March 1, 2004.

In late 2001, Plaintiffs received notice that Micon had been sued by a group of coal miners in Alabama, alleging personal injuries resulting from work-place exposure to Micon's isocyanate-containing products. Over time, five lawsuits were filed, each by multiple plaintiffs. In 2001, two actions (Bice and Abernathy) were filed in Alabama state court. A third action (Acklin) was filed in Alabama state court in 2002. A fourth action (Tanner), filed in 2005 as a class action in the United States District Court for the Northern District of Alabama, was followed by a fifth action (Abbott) filed in West Virginia state court in 2008. The four state court lawsuits were settled in 2011 and the federal class action was dismissed in 2011.

Plaintiffs National Union and American Home did not concede coverage but agreed to provide a defense to Micon in each lawsuit pursuant to a reservation of rights.

As set forth in declarations filed in support and in opposition to Essex's joinder motion, in 2004, MPI, a company identified as related to Micon, was added to the Bice lawsuit as well as the two other Alabama state court actions. MPI was named as a defendant with Micon upon the filing of the West Virginia suit. Plaintiffs allege, and Essex concedes, that given the business connections between Micon and MPI, and their common interests in the defense of the lawsuits, National Union, American Home, Essex and Hartford consented to joint representation of Micon and MPI by attorneys retained in Alabama and Pennsylvania.

Until October 2006, Plaintiffs paid all defense costs. In information provided to the Court by the parties in support and opposition to the Rule 19 motion, in 2006, Hartford apparently agreed to participate in these expenses because MPI was identified as an insured pursuant to a vendor's agreement in policies issued by Hartford to its named insured, Flexible Products. Essex, however, denied coverage in 2002, relying upon a pollution exclusion contained in policies issued by it to Micon. After repeated requests by Micon and Plaintiffs, Essex reconsidered its position and in June 2007, and agreed to participate in Micon's defense.

Plaintiffs allege Essex failed to honor its original decision to participate in defense costs or honor subsequent informal cost sharing agreements, and further failed to participate in the agreed upon reallocation of defense costs after the conclusion of the underlying actions. Plaintiffs allege that pursuant to the terms of the Essex policies at issue, Plaintiffs are entitled to contribution for costs expended in defending Micon in each of the underlying actions. Plaintiffs therefore seek contribution/indemnity and declaratory relief in the form of a declaration that Essex is obligated to contribute or "indemnify/reimburse" Plaintiffs for Essex's fair share of defense costs incurred in connection with the underlying actions, as well as an award of attorneys' fees, interest, delay damages and costs. [ECF No. 1, p. 8].

Essex has responded to the Complaint with the instant motion to dismiss as well as a motion for an order requiring the involuntary joinder of Hartford to this action. Essex contends that Hartford is a necessary party so that Hartford's obligation to remit defense costs can be determined. Essex further argues that to the extent Plaintiffs may have settled their claim against Hartford for a share of defense costs, Hartford is a necessary party so that Hartford's payments to Plaintiffs can be disclosed and an appropriate reduction can be made for Essex's benefit.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic

4

recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

With regard to Defendant's Motion to Strike Plaintiff's Declaratory Judgment Claim as "redundant," under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Pennington v. Wells Fargo Bank, No. 11- 2896, 2013 WL 2370584 *2 (E.D. Pa. May 30, 2013) (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D.Pa. 1994) and River Road Devel. Corp. v. Carlson Corp., No. 89–7037, 1990 WL 69085, at *2 (E.D .Pa. May 23, 1990)). "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" DeLa Cruz v. Piccari Press, 521 F. Supp.2d 424, 428 (E.D. Pa.2007) (quoting N. Penn. Transfer, 859 F.Supp. at 158). "To prevail, the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" Id. (quoting River Road Devel. Corp., 1990 WL 69085, at *3).

Finally, with regard to Defendant's Motion for Joinder of a required party, Essex claims that Hartford in a required party to this action because Hartford has paid Plaintiff unknown sums for a portion of the defense costs incurred by Plaintiffs and that in Hartford's absence as a party to this action, duplicative payment could occur. Federal Rule of Civil Procedure 19 requires joinder of a party "in whose absence the court cannot accord complete relief, or whose interest in

the dispute is of such a nature that to proceed without their presence could prejudice that party or others." Cummings v. Allstate Insurance, Co., 2012 WL 2327771 (E.D. Pa. June 19, 2012).

## III. DISCUSSION

### A. Indemnification Claim

Count II of Plaintiff's Complaint alleges that "Plaintiffs are entitled to contribution/ indemnification from Essex pursuant to applicable law and the language of the policies issued by Plaintiffs and Essex." ECF No. 1, ¶ 34. Essex seeks to dismiss Plaintiffs' claim for indemnification, contending that Plaintiffs have incorrectly identified indemnity as a basis for recovery. Rather, Defendants assert, the nature of Plaintiffs' claim lies in contribution. Plaintiffs respond that at this early stage of the litigation, it has not yet been determined whether, perhaps, the defense costs incurred were solely Essex's obligation and, therefore, whether the costs are properly the subject of a claim for indemnity. Alternatively, Plaintiffs posit whether, based upon Essex's obstructionist conduct in repeatedly failing to pay its agreed upon share of defense costs, the entire burden of defending their mutual insured should be shifted to Essex, thereby giving rise to a properly pled indemnity claim.

"Indemnity" is legally defined as: "[r]eimbursement or compensation for loss, damage, or liability in tort; esp., the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to a third party for injuries resulting from a violation of common-law duty." Black's Law Dictionary 784 (8th ed. 2004); see also Holbrook v. Woodham, No. 05–304, 2009 WL 365681, at *9 (W.D. Pa. Feb. 13, 2009). "Indemnity involves reimbursement in full of one who has discharged a common liability.... [I]t is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually

6

responsible for the accident which occasioned the loss." Id. at *9 (internal citation omitted).

In contrast, "contribution" is legally defined as: "[t]he right that gives one of several persons who are liable on a common debt the ability to recover proportionately from each of the others when that one person discharges the debt for the benefit of all[.]" Black's Law Dictionary 352–53 (8th ed. 2004); see also Holbrook, 2009 WL 365681 at *9; In re W.R. Grace & Co., 468 B.R. 81, 175 n. 153 (D. Del. 2012). Claims for indemnity and contribution are frequently jointly asserted by parties, and are therefore commonly assessed in tandem by the courts. Holbrook, 2009 WL 365681 at *9.

"In the insurance context, claims for indemnity and contribution are common, most typically invoked when two or more insurers independently provided coverage for the same risk to the same insured, but one insurance carrier primarily undertook the defense or indemnification of the common insured in excess of its proportionate share of the loss." Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co., No. 12-4934, 2013 WL 3285900 (D.N.J. June 28, 2013). "'Where two or more insurers are primarily liable to provide coverage and/or costs of defense, and where one fails to contribute, the other is entitled to a judgment for contribution.'" Hartford Fire Ins. Co. v. Terra Ins. Co., No. 01-5961, 2004 WL 1770298 (E.D. Pa. Aug. 2, 2004) (quoting Hartford Accident and Indemnity Co. v. Ambassador Ins. Co., 163 N.J. Super. 250, 394 A.2d 867 (N.J. Super. Ct. App. Div.1978) (holding Hartford was entitled to contribution from Ambassador for indemnity and defense costs incurred by Hartford in an action brought against an insured of both Hartford and Ambassador).

At the early stages of this litigation, while it appears that the equitable remedy sought by Plaintiffs lies in contribution, it is not implausible that Essex owes indemnity for the defense costs incurred by Plaintiffs during the policy years for which Essex was Micon's sole primary

7

insurer. Given the Twombly standard of plausibility for pleading of justiciable claims, the Motion to Dismiss Plaintiffs' claim for indemnification is denied without prejudice to renewal at the summary judgment stage of this litigation.

**B. Declaratory Judgment Claim**

Essex seeks to strike Count I of Plaintiffs' Complaint, setting forth a claim for declaratory judgment, as redundant to Plaintiffs' claim for contribution, and as otherwise unsustainable in the absence of an allegation that a future claim for defense costs may arise under the policies at issue. Plaintiffs respond that declaratory relief is appropriate given the need to determine the scope of the underlying insurance policies as well as Essex's obligations pursuant to the agreement entered into by the parties. Plaintiffs further contend that at this stage of the litigation, it is premature to dismiss the declaratory judgment claim because the equitable indemnity and/or contribution claims have not yet been resolved.

The Court may strike from a pleading any redundant matter. Rule 12(f), Fed.R.Civ.P. However, there is a distinction between redundant pleading, which may be stricken to the extent the moving party can show some prejudice or confusion, and alternative pleading, which is permitted. Alternative pleading allows a party to plead different theories of a claim when the relevant factual or legal issues differ, or they afford different relief. Redundant pleading pleads as separate claims causes of action with identical elements and potential relief. See, US LEC Commc'ns LLC v. Qwest Commc'ns Co., LLC, No. 10-4106, 2011 WL 2474262 (D.N.J. June 20, 2011)(citing Sudul v. Computer Outsourcing Servs., 868 F. Supp. 59, 61 (S.D.N.Y .1994) (holding that a redundant claim should be stricken because it contained the same elements as another claim); and, Garlanger v. Verbeke, 223 F.Supp.2d 596, 609 (D.N.J.2002) (striking redundant claims)).

8

Turning to the nature of the claims asserted and the facts alleged in support thereof, it is apparent that at this stage of the litigation, Plaintiffs may pursue both an equitable contribution claim and a declaratory judgment claim.

To recover on a claim of equitable contribution under Pennsylvania law, an insurer must show by a preponderance of the evidence that (1) it is one of several parties liable for a common debt or obligation; and (2) it discharged the debt for the benefit of the other parties. See Great N. Ins. Co. v. Greenwich Ins. Co., 372 F. App'x 253, 254 (3d Cir. 2010) (citing In re Mellon's Estate, 347 Pa. 520, 32 A.2d 749, 757 (1943)). Thus, Plaintiffs will be required to prove that Essex was obligated to provide Micon a defense for any of the underlying claims, such that Plaintiffs discharged a debt owed by Essex. In addition, Plaintiffs will be required to prove the defense costs actually paid.

With regard to Plaintiffs' declaratory judgment claim, the Declaratory Judgment Act ("DJA") provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Where there is a justiciable controversy, a court may exercise "'unique and substantial discretion in deciding whether to declare the rights of litigants.'" Air & Liquid Sys. Corp. v. Allianz Underwriters Ins. Co., No. 11-247, 2013 WL 5436934 (W.D. Pa. Sept. 27, 2013) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)).

Plaintiffs' Complaint alleges that Essex owed Micon a duty to defend pursuant to the policies issued to it and, further, that Essex entered into various agreements with Plaintiffs to share Micon's defense costs. "Count I – Declaratory Judgment" incorporates these allegations with regard to the cost-sharing agreements and asserts rights to recovery of contribution

9

thereunder. While recovery may be based upon contract or lie in equity, it is apparent to the Court that relief may require a declaration of the rights and obligations of the parties pursuant to the alleged agreements and/or a declaration concerning Essex's obligations under the its policies so that allocation of defense costs, if any, can be awarded. See, e.g., Air & Liquid Sys., supra, at *8-9. While Essex raises fear of duplicative litigation, both claims are raised in the same action so the probability of an inconsistent result or prejudice does not exist. Accordingly, the Motion to Dismiss Plaintiffs' Declaratory Judgment claim is denied without prejudice to renewal at the summary judgment stage of this litigation.

### C. Claim for Attorney's Fees and Delay Damages

Plaintiffs' Complaint sets forth a prayer for relief including "an award of attorneys['] fees, interest, delay damages, and costs." [ECF No. 1, p. 8]. Essex seeks dismissal of Plaintiffs' claim pursuant to Rule 12(b)(6), contending that such an award is unsustainable under the DJA and applicable Pennsylvania law.

In the absence of an agreement or statute providing for attorneys' fees, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." O'Brien v. Travelers Prop. & Cas. Ins. Co., 65 F. App'x 853, 856 (3d Cir. 2003) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975); and citing Pennsylvania v. Flaherty, 40 F.3d 57, 60 (3d Cir.1994) (plaintiff cannot recover attorneys' fees from the opposing party unless there is a statute or agreement between the parties that provides for the awarding of attorneys' fees)).

However, as an exception to the general rule, Pennsylvania law does permit an insured to recover attorneys' fees for prosecuting a declaratory judgment where an insurer has refused to defend the insured in bad faith. Kelmo Enterprises v. Commercial Union Ins., 285 Pa.Super. 13,

21, 426 A.2d 680, 684–85 (1981). This exception prevents an insurer from frustrating the rights of its insured by forcing the insured to bring a declaratory judgment action when the refusal to defend is unreasonable and in bad faith. Twin City Fire Ins. Co. v. Home Indem. Co., 650 F. Supp. 785, 792 (E.D. Pa. 1986). While an insurer's claim for attorneys' fees from a co-insurer was considered and ultimately rejected on the merits in Twin City Fire, supra, Plaintiffs have not pointed to any Pennsylvania case where an insurer has been permitted to recover attorneys' fees for an action arising out of a co-insurer's refusal to pay its proportionate share of defense costs.

Instead, Plaintiffs allude to entitlement of attorneys' fees pursuant to 42 Pa.C.S.A. § 2503(7), which permits recovery of counsel fees if a party's conduct during the pendency of the matter is "dilatory, obdurate or vexatious." Because such a claim may be plausible, the Motion to Dismiss Plaintiffs' claim for attorneys' fees is denied without prejudice to renewal at a later stage of the proceedings. The Court notes Plaintiffs have apparently conceded that they are not entitled to recover delay damages in this action and have not addressed Essex's Motion to Dismiss this element of their claim. Accordingly, the Motion to Dismiss is granted with respect to the claim for delay damages.

**D. Failure to Join Indispensable Party**

Essex seeks the involuntary joinder of Hartford to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Essex contends that to the extent Hartford participated in the agreement to share costs and has paid certain sums pursuant thereto, its presence is required in this litigation to avoid unfairly allocating defense costs to Essex's detriment. Plaintiffs respond that joinder is not necessary to protect Essex because Plaintiffs cannot recover from Essex any portion of the pro-rata share of defense costs applicable to or recovered from Hartford.

11

Rule 19 specifies the circumstances in which the joinder of a particular party is compulsory. See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(a)(1) states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1). Courts considering a Rule 19 motion must undertake a two-step inquiry. Id. (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)). The initial determination the court must make is whether the absent party is "necessary" to the action under Rule 19. If the court determines the party is "necessary," the party must be joined. If a party does not satisfy the requirements of 19(a), the Court need not inquire further. Temple v. Syntheses Corp., 498 U.S. 5, 8 (1990).

To determine necessity, a court must ask whether complete relief may be accorded to those persons named as parties to the action in the absence of the unjoined party. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d at 405 (citing Fed.R.Civ.P. 19(a)(1)). In making this initial determination, the effect a decision may have on the absent party is immaterial. Id. (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir. 1980)). Essex claims that Hartford is a necessary party, for in Hartford's absence, complete relief may not be possible if Essex is required to pay more than Plaintiffs are otherwise entitled.

The issue of "necessity" of a settling insurer as a party where a litigating insurer seeks joinder to determine an insurer's pro-rata share of defense and indemnity costs has been resolved

by the United States Court of Appeals for the Third Circuit in Koppers Co., Inc. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1449 – 1454 (3d Cir. 1996), Koppers Co., Inc. v. Aetna Cas. & Sur. Co., 158 F. 3d 170, 174 (3d Cir. 1998), and General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007).

In the early Koppers opinion, 98 F.3d 1440, the Court of Appeals considered, *inter alia,* the issue of allocating liability for a loss between litigating insurers and those insurers that had settled with an insured. The insurers argued that the District Court improperly failed to reduce the judgment awarded an insured to account for amounts it had already received from settling insurers. The Court of Appeals reversed and remanded, concluding that the ultimate liability of a non-settling insurer would be the total amount of the loss for which the insurer is jointly and severally liable, up to the limits of its policy, in excess of the settling insurer's pro-rata share of the loss. The Court of Appeals further held that the litigating insurers could not seek contribution from the settling insurers "because such an action would defeat the finality of the settlement." Id. at 1454-55. By adopting this "apportioned share set-off rule," double recovery to an insured would be avoided, and the finality of settlements would be retained. In reaching its decision, the Court of Appeals recognized that not all of the insurers were present in the action; however, the Court of Appeals noted this would not impede the ability of the District Court to "determine their apportioned shares of liability for purposes of reducing the judgment against the [litigating] insurers." Id. at 1456 n. 21.

In the later Koppers opinion, 158 F.3d 170, the Court of Appeals considered, *inter alia*, whether a non-diverse insurer was a necessary and indispensable party. The litigating excess insurers argued that a primary insurer's presence was necessary to prove that the policy limits of the relevant primary layer of coverage had been reached so as to trigger the excess policies at

13

issue. The Court held this condition precedent was an element of proof for recovery, but did not require the presence of the missing insurer. Accordingly, the missing insurer was not a necessary party under Rule 19(a)(1). Id. at 176. Plaintiffs here will similarly bear the burden of establishing the total amount of defense costs and the share of costs allegedly attributable to Essex. This will not require Hartford's presence.

Finally, in General Refractories Co., 500 F.3d 306, the Court of Appeals reaffirmed and applied its holdings in both Koppers opinions to a co-insurer who sought the joinder of certain primary and excess insurers. In considering the application of Rules (19)(a) and (b), the Court of Appeals found error in the District Court's conclusion that the absent insurers were either necessary or indispensable parties, and in dismissing the action because the presence of the absent insurers would destroy diversity of citizenship jurisdiction. The Court of Appeals first concluded that the District Court erred in determining that the presence a particular primary insurer was required to afford complete relief to the litigating defendant insurers. Because under Pennsylvania law, each insurer was jointly and severally liable up to its policy limits for the underlying claims, complete relief could be afforded as to the litigating insurers pursuant to the terms of policies placed at issue. The absent insurers would not affect this determination. The Court of Appeals further held that proof of exhaustion of primary layers of coverage was an issue for trial which also did not require the presence of absent primary insurers. The Court of Appeals then rejected an argument that the presence of the absent insurers was necessary to protect each of them from potentially binding but erroneous interpretations of their policies. The Court of Appeals concluded that *stare decisis* would not bind any absent insurers in future litigation and therefore, none were necessary parties to the litigation,

Here, Plaintiffs' claim of entitlement to contribution from Essex is dependent upon Essex's joint and several liability for defense costs pursuant to the terms of the policies at issue. This determination does not require Hartford's presence. Further, Hartford's presence is not required to determine its apportioned share of liability for defense costs under the policies issued by it, which are readily available through appropriate discovery. To the extent Essex is jointly or severally liable for defense costs in an amount up to applicable policy limits, Essex will be entitled to a pro-rata set-off of the defense costs owed by Hartford, without regard to the amount of the settlement with Plaintiffs. Further, to the extent Plaintiffs alternatively seek payment pursuant to the agreement allegedly entered into by and between all insurers, liability for Essex's breach of the agreement does not require Hartford's presence. Accordingly, the "Motion Under Rules 12(b)(7) and (19(a) for an Order Directing Plaintiff's to Join a Party Required for Adjudication" is denied.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss Under Rule 12(b)(6) for Failure to State a Claim, and Under Rules 12(b)(7) and 19(a) for an Order Directing Plaintiffs to Join a Party Required for Adjudication [ECF No. 10] are granted in part and denied in part as follows:

1. The Motion to Dismiss Plaintiffs' indemnification and declaratory judgment claims are denied without prejudice to be raised at the summary judgment stage of this litigation;
2. The Motion to Dismiss Plaintiffs' claim for attorneys' fees is denied without prejudice;
3. The Motion to Dismiss Plaintiffs' claim for delay damages is granted; and,
4. The Motion for an Order Directing Plaintiffs to Join a Party Required for Adjudication is denied. An appropriate Order follows:

15

AND NOW, this 5th day of December 2013, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motions to Dismiss Under Rule 12(b)(6) for Failure to State a Claim, and Under Rules 12(b)(7) and 19(a) for an Order Directing Plaintiffs to Join a Party Required for Adjudication [ECF No. 10] are granted in part and denied in part as follows:

1. The Motion to Dismiss Plaintiffs' indemnification and declaratory judgment claims are denied without prejudice to be raised at the summary judgment stage of this litigation;

2. The Motion to Dismiss Plaintiffs' claim for attorneys' fees is denied without prejudice;

3. The Motion to Dismiss Plaintiffs' claim for delay damages is granted; and,

4. The Motion for an Order Directing Plaintiffs to Join a Party Required for Adjudication is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing